

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAKAKO TIZON,

Plaintiff,

vs.

A.S.A.P. COLLECTION SERVICES, LLC,

Defendant.

Case No. C10-04327

COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Takako Tizon ("Plaintiff"), is a natural person residing in Contra Costa county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, A.S.A.P. Collection Services, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about April 6, 2010, Defendant sent Plaintiff a collection letter in connection with an alleged debt owed to original creditor, Casa Del Prado

Townhomes, attached hereto as Exhibit "A". In said collection letter, Defendant threatened that non-payment of the alleged debt would result in a lien or seizure of Plaintiff's property.

7. The alleged debt was incurred through delinquent HOA dues on a property owned by Plaintiff, during a pre-foreclosure period, when Plaintiff did not occupy the property.

8. On more than one occasion, Plaintiff attempted to reach a settlement agreement and payment plan with Defendant.

9. On or about July 9, 2010, Defendant sent an email threatening Plaintiff that non-payment of the alleged would result in a negative reporting of the alleged debt on Plaintiff's credit report, affecting Plaintiff's report for more than 7 years. Defendant also threatened further legal action against Plaintiff in an attempt to prosecute Plaintiff and obtain a judgment against Plaintiff. A true and correct copy of the email is attached hereto as Exhibit "B".

10. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));
    b) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));
    c) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));
    d) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

e) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

f) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));

g) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

h) Falsely representing that information concerning Plaintiff's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency (Cal Civ Code § 1788.13(f)); Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

i) Falsely representing that Plaintiff's debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges, where, in fact, such fees or charges could not legally have been added to the existing obligation (Cal Civ Code §1788.13(e));

j) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4)); and

k) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening (§1692e(5)).

11. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.   Actual damages;

C.   Statutory damages for willful and negligent violations;

D.   Costs and reasonable attorney's fees,

E.   For such other and further relief as may be just and proper.


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 13th day of September, 2010.

By: _____
TODD M. FRIEDMAN (216752)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

# EXHIBIT "A"



## a.s.a.p.
### COLLECTION SERVICES

**All Services And Processing**
Specialized for the HOA Industry

Original Creditor:   Casa Del Prado Townhomes
Managing Agent:    Prime Management
Amount of Debt:    $2,360.08

NOTICE OF INTENT TO RECORD A LIEN
Via First Class & Certified Mail
April 6, 2010
A.S.A.P. Case No: 10-04068
Re: 10 DEL PRADO CIR, FAIRFIELD CA
94533-1863
APN= 0094-511-100

FRED TIZON
TAKAKO Y TIZON
10 DEL PRADO CIR
FAIRFIELD, CA 94533-1863

Dear Homeowner(s)

This office has been retained by Casa Del Prado Townhomes to represent them in the collection of your delinquent account. Therefore, all communications regarding this debt need to be with our office until this case is closed. A.S.A.P. is a debt collector. This is an attempt to collect a debt, any information obtained will be used for that purpose. As of today, April 6, 2010 your account balance is $2,360.08 which is represented by the first column breakdown shown below. As of the due date of this letter, May 11, 2010 your account balance will be $2,584.78 which is represented by the second column breakdown shown below.

| Balance Due as of:    | Apr 6, 2010 | May 11, 2010 |
|---|---|---|
| Regular Assessments:  | $1,760.00 | $1,936.00 |
| Special Assessments:  | $0.00     | $0.00     |
| Late Fees:            | $90.00    | $100.00   |
| Interest:             | $91.28    | $114.98   |
| Other:                | $145.00   | $145.00   |
| Agent Fee:            | $0.00     | $0.00     |
| Collection Fee:       | $215.00   | $230.00   |
| Collection Costs:     | $58.80    | $58.80    |
| **Total:**            | **$2,360.08** | **$2,584.78** |

Validity of Debt: Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt and a copy of such verification will be mailed to you. (Verification of the debt has been obtained, and the amount owed is deemed to be correct. However, you have the right to inspect the Association's records to verify the debt.)

To avoid further collection activity, which will incur additional collection fees and costs being added to your account, we will need payment in full in the amount of $2,584.78 to A.S.A.P. Collection Services by 4:00 p.m. on or before May 11, 2010. Payment should be in CERTIFIED FUNDS in the form of a cashier's check or money order, payable to the Association and mailed to: A.S.A.P. 331 PIERCY ROAD SAN JOSE, CA 95138. Please be advised that the amount stated in the second column contains charges that will be due on the due date.

331 Piercy Road, San Jose, California 95138
(408) 363-9600     Fax: (408) 225-8864
**contactus@asapcollect.com**

PAYMENT OPTIONS

1. Pay Account In Full – as stated on the updated account history provided by A.S.A.P. Funds submitted in a cashier's check or money order will be disbursed approximately 5 days after receipt. Personal checks and business checks will be disbursed approximately 15 days after receipt.

2. Payment Plan – if the owner needs to arrange a payment plan, they need to contact A.S.A.P. for the payment plan standards for their Association. A.S.A.P. charges for the preparation and facilitation of all payment plans. Payment Plans are required to be in writing. Additional late fees will not accrue during the payment plan period if the owner is in compliance with the terms of the payment plan. Interest will continue to accrue until the account is paid in full. A.S.A.P's monthly collection fee ($15.00) will continue to accrue until the account is paid in full. In the event of a default on the payment plan, the association may resume its efforts to collect the delinquent assessments from the time prior to entering into the payment plan. Payment plans do not impede an Association's ability to record a lien to secure payment of delinquent assessments, however, recordation of a lien may be stalled until the completion of the meet and confer process. A.S.A.P. offers a $175.00 conditional credit towards a full price lien only if the owner keeps to the

### A.S.A.P.'S CHARGES FOR PAYMENT PLANS

| | |
|---|---|
| **(2) Two Installment Payment Plan (NO LIEN)** | $ 25.00 |
| • 50% due by NOILN letter due date 50% 30 days later | |
| • Certified funds only, most strict payment plan | |
| • Missed payment forces immediate "Full Price Lien" | |
| • Plus A.S.A.P.'s monthly charge | $ 15.00 |
| | |
| **3 – 12 Installment Payment Plan (LIEN REQUIRED)** | $125.00 |
| • Certified funds or personal checks welcome | |
| • Missed payment forces next step of collection | |
| • Plus Lien Fee "Full Price Lien" Charge | $500.00 |
| • Conditional Credit towards Lien Fee if no default | ($175.00) |
| • Plus costs to record the lien | $ TBA |
| • Plus A.S.A.P's monthly charge | $ 15.00 |

**EXHIBIT "B"**

Complaint - 8

Flag this message

### RE: FW: 10-04068 - / CDP10-2 / TIZON / Casa Del Prado Townhomes / 10 DEL PRADO CIR / PENDING - Personal Ob Stage / ESCROW

Friday, July 9, 2010 8:58 AM
From:

"Terin Reeder" <Terin@asapcollect.com>
View contact details

To:

"may tizon" <mtizon94@yahoo.com>

HI Takako,

It is wise for you to accept the offer now before further amounts begin to accrue on your account. If the amount is not settled now then we will further pursue you and your husband. It may result in reporting to your credit for up to seven years and obtaining a judgment against you. Our office understands the position you are in. We are also very companionate towards. I just want you to be fully aware of what can happen.

Thank you,